1
2
3
4
5
6                        UNITED STATES DISTRICT COURT
7                      SOUTHERN DISTRICT OF CALIFORNIA
8

9    UNITED STATES OF AMERICA,              Case No.:  21cr1794-WQH

                                Plaintiff,
10
                                            **ORDER**
11   v.

12   TERRENCE EUGENE MORGAN,

13                              Defendant.

14   HAYES, Judge,

15         The matters before the Court are the following motions filed by Defendant Terrence

16   Eugene Morgan: three Motions for Reduction of Sentence Pursuant to 18 U.S.C. §

17   3582(c)(1)(A) ("Motions for Reduction of Sentence," ECF Nos. 42, 51, 55), and Motion

18   to be Transferred to Halfway House (ECF No. 52).

19                              **BACKGROUND**

20         On December 17, 2021, Defendant Terrence Eugene Morgan appeared for

21   sentencing in the above-captioned case. (ECF No. 40.) Defendant admitted to importing

22   into the United States approximately 25.74 kilograms (56.62 pounds) of a mixture and

23   substance containing methamphetamine, which was concealed in the gas tank of a vehicle

24   Defendant was driving. (ECF No. 28 at 2.) The Presentence Investigation Report ("PSR")

25   stated that "[t]he defendant was first exposed to the criminal justice system at the age of

26   18," and "[f]or over 33 years, the defendant has been arrested or convicted for crimes that

27   involve minor purchasing liquor in a bar, battery, taking a vehicle for temporary use,

28   inflicting corporal injury to his spouse/cohabitant, false impersonation, driving with a

1

1    suspended license, assault, threats to commit a crime involving death or great bodily injury,
2    and possession of a controlled substance (methamphetamine)." (ECF No. 32 at 18.) Under
3    the U.S. Sentencing Guidelines, Defendant had 14 criminal history points, which placed
4    him in criminal history category IV, the most serious category under the Guidelines. After
5    adjustments and departures, Defendant's Guideline range was 92 to 115 months in custody.
6    After considering the relevant factors, including those under 18 U.S.C. § 3553(a), this
7    Court sentenced Defendant to serve 72 months in the custody of the Bureau of Prisons
8    ("BOP"), followed by four years of supervised release, for importation of
9    methamphetamine in violation of 21 U.S.C. §§ 952 and 960. (ECF No. 40.) According to
10   the BOP's online inmate locator, Defendant's current projected release date is December
11   30, 2026.

12          On April 22, 2024, Defendant, proceeding pro se, filed a motion requesting a
13   reduction in sentence, referencing Amendment 821 of the U.S. Sentencing Guidelines and
14   the worsening state of Defendant's health. (ECF No. 42.)

15          On April 23, 2024, the Court referred the motion to Federal Defenders of San Diego,
16   Inc. ("Federal Defenders") pursuant to General Order 755, which governs motions filed
17   pursuant to Amendment 821 of the U.S. Sentencing Guidelines. (ECF No. 43.)

18          On May 9, 2024, Federal Defenders filed a Status Report Regarding Pro Se Motion
19   Pursuant to General Order No. 755, stating that, "[a]fter review of the relevant records in
20   the defendant's case, [Federal Defenders] concludes the Court can decide the motion on
21   the existing record without further assistance of counsel." (ECF No. 45 at 1.) The Status
22   Report further states, "given that the defendant appears to also seek relief based on
23   inadequate medical care, Federal Defenders requests that the pro se motion also be referred
24   under General Order No. 692-B for additional review." *Id*.

25          On May 15, 2024, the Court issued an Order requiring Federal Defenders to evaluate
26   whether Defendant is eligible to petition the Court for compassionate release in accordance
27   with § 603(b) of the First Step Act of 2018 and file a status report as set forth in General
28   Order 692-B(4). (ECF No. 48.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On June 10, 2024, Federal Defenders filed a Status Report, stating that Defendant "would benefit from assistance of counsel," and recommending the appointment of counsel pursuant to the Criminal Justice Act ("CJA"). (ECF No. 49 at 1.)

On June 17, 2024, the Court appointed counsel pursuant to the CJA to represent Defendant for proceedings in this Court related to Defendant's pending Motion for Reduction of Sentence. (ECF No. 50.)

On August 12, 2024, Defendant's CJA counsel filed a supplemental Motion for Reduction of Sentence. (ECF No. 51.) Defendant asserts that he is 54 years old and had an implantable cardiac defibrillator implanted in his chest while in custody on January 26, 2023. Defendant asserts that his heart is functioning at approximately 20 percent of capacity with no marked improvement with conventional medication. Defendant asserts that he "suffers from additional health problems, including hypertension, myocardial infarction, cardiomyopathy, atrial fibrillation, cardiac arrhythmia, and chronic obstructive pulmonary disease, among others." *Id*. at 2. Defendant contends that "his motion for compassionate release should be granted due to [his] worsening medical circumstances." *Id*. at 4. Defendant "requests that this Court grant his motion for compassionate release, reduce his sentence to time-served, and order his release from custody." *Id*. at 5.

On September 3, 2024, Defendant, pro se, filed a Motion to be Transferred to Halfway House, contending that he is "eligible for … First Step Act credits" and is "within the time frame for transfer to a halfway house to complete [his] rehabilitation." (ECF No. 52 at 1).

On January 28, 2025, Plaintiff United States of America filed a Response to Defendant's motions. (ECF No. 54.) Plaintiff contends that Defendant failed to meet his burden to show that he is eligible for compassionate release and "his health conditions are being appropriately managed by the BOP." *Id*. at 4.

On July 11, 2025, Defendant filed a pro se supplemental Motion for Reduction of Sentence. (ECF No. 55.) Defendant asserts that the BOP "cannot keep [Defendant] safe nor give him adequate medical care." *Id*. at 2. Defendant asserts that he has participated in

1  "self-betterment classes" while in custody and is "very much into religion." *Id*. Defendant

2  also asserts that "his mother is aging quickly," "she can no longer take care of her everyday

3  living needs," and Defendant "is the only possible caregiver at this time." *Id*.

4  **MOTIONS FOR REDUCTION OF SENTENCE**

5  Defendant moves for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2)

6  and Amendment 821 to the U.S. Sentencing Guidelines.[1] (ECF Nos. 42, 51, 55.)

7  "Ordinarily, a federal court may not modify a term of imprisonment once it has been

8  imposed." *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quotations omitted).

9  "Congress created a limited exception to this rule by authorizing courts to grant

10  compassionate release when 'extraordinary and compelling reasons' warrant a reduction

11  in sentence." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "As compassionate release

12  derogates from the principle of finality, it is a narrow remedy, and the court's disposition

13  of a compassionate release motion is discretionary, not mandatory." *Id*. at 944-45

14  (quotations omitted).

15  "The First Step Act grants courts the discretion to consider compassionate release

16  motions on an individualized basis," although "the exercise of this discretion is controlled

17  by three substantive considerations." *Id*. at 945 (citations omitted). "First, the district court

18  must determine whether 'extraordinary and compelling reasons warrant' a sentence

19  reduction." *Id*. (quoting, *inter alia*, 18 U.S.C. § 3582(c)(1)(A)(i)). "Second, the court must

20  evaluate whether a reduction would be 'consistent with applicable policy statements issued

21  by the Sentencing Commission.'" *Id*. (quoting, *inter alia*, 18 U.S.C. § 3582(c)(1)(A)).

22  "Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to

23  decide whether the requested sentence reduction is warranted under the particular

24  circumstances of the case." *Id*. (quotation omitted). "Although a district court must

25  conclude that a defendant satisfies all three predicates before granting a motion for

26

27

28  [1] The Court accepts Plaintiff's representation that Defendant exhausted his administrative remedies with respect to his Motions for Reduction in Sentence. *See* ECF No. 54 at 5.

1   compassionate release, it may deny compassionate release if a defendant fails to satisfy

2   any of these grounds." *Id*. (citation omitted). Defendant bears the "burden to establish his

3   eligibility for compassionate release." *Id.* at 951.

4        In his first Motion for Reduction of Sentence, Defendant references Amendment 821

5   to the Sentencing Guidelines. Amendment 821 took effect November 1, 2023, and applies

6   retroactively. Amendment 821 contains two provisions. One provision provides a two-level

7   reduction in the offense level for certain "zero-point offenders," i.e., defendants with no

8   criminal history whose offenses meet the guideline's criteria. *See* U.S.S.G. § 4C1.1(a). As

9   discussed above, Defendant had 14 criminal history points at sentencing. Accordingly,

10  Defendant is not eligible for a sentencing reduction under the "zero-point offender"

11  provision of Amendment 821. The other provision of Amendment 821 limits the criminal

12  history impact of "status points" under U.S.S.G. § 4A1.1. A defendant who commits an

13  offense while on probation, parole, or supervised release, receives additional criminal

14  history points, known as "status points." In this case, Defendant did not receive any status

15  points (*see* PSR at 11, ECF No. 32), and therefore Defendant is not eligible for a sentencing

16  reduction under the "status points" provision of Amendment 821. *See* U.S.S.G. §

17  1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent

18  with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if

19  … an amendment … does not have the effect of lowering the defendant's applicable

20  guideline range.").

21       In each of his Motions for Reduction of Sentence, Defendant contends that his

22  medical conditions warrant immediate release from custody. However, Defendant—who

23  bears the burden to establish his eligibility for compassionate release—provides no

24  evidence to support his contentions. In any event, at sentencing, the Court considered

25  Defendant's age and medical conditions, including that "he suffers from Chronic

26  Obstructive Pulmonary Disease (COPD), congestive heart failure, and high blood

27  pressure," (ECF No. 32 at 13), took multiple prescription medications, and "also suffers

28  with a hernia that has gotten worse over the years." (ECF No. 36 at 4–5.) Plaintiff

1

2

represents that Plaintiff's counsel has reviewed Defendant's BOP medical records and asserts:

> MORGAN's medical records show that he regularly receives medical care, and, has cardiology consultations and examinations every 2-3 months. None of those records identify his condition as terminal. Moreover, MORGAN has also refused treatment, which could possibly improve his overall health. For example, on February 15, 2024, he refused a positron emission tomography (PET) scan, which is a medical imaging test that uses a radioactive tracer to create 3D images of the inside of the body. The following month, MORGAN refused a dietician appointment. More recently, on January 24, 2025, MORGAN was scheduled for a Cardiology telehealth clinic consultation. According to his medical records, MORGAN chose to leave before doctor arrived, even after being told by staff that he should wait. None of the medical conditions complained of by MORGAN are terminal, nor do they seem unreasonably challenging for BOP officials to manage.

(ECF No. 54 at 6.) Although Defendant's counsel was also given Defendant's BOP medical record and was given an opportunity to file a reply brief (*see* ECF No. 50 at 2), Defendant has not disputed any of the assertions made by Plaintiff related to Defendant's medical records. In particular, Defendant fails to produce evidence that he "is suffering from a terminal illness," U.S.S.G. § 1B1.13(b)(1)(A); he "is suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility," U.S.S.G. § 1B1.13(b)(1)(B); or he "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death," U.S.S.G. § 1B1.13(b)(1)(C). The Court finds that Defendant has failed to meet his burden of showing that extraordinary and compelling reasons warrant a sentence reduction based upon his health conditions or that a sentence reduction is consistent with any of the provisions of U.S.S.G. § 1B1.13(b)(1).

In his third Motion for Sentence Reduction, Defendant asserts that "his mother is aging quickly," "she can no longer take care of her everyday living needs," and Defendant "is the only possible caregiver at this time." (ECF No. 55 at 2.) However, in Defendant's

6

1  Sentencing Memorandum filed on December 8, 2021, defense counsel stated that
2  "[Defendant's] mother died in 2020." (ECF No. 36 at 7.) Likewise, the PSR states that
3  Defendant reported that "[h]is mother passed away in 2020 from elderly health related
4  issues or health complications from having diabetes." (ECF No. 32 at 12.) Defendant
5  makes no attempt to explain the discrepancy between his assertions prior to sentencing that
6  his mother died in 2020, and his 2025 assertion that his mother "is aging quickly," "can no
7  longer take care of her everyday living needs," and Defendant "is the only possible
8  caregiver at this time." In any event, in the absence of evidence indicating the identity of
9  Defendant's "mother" and the circumstances that prevent her from being able to care for
10  herself and prevent others from caring for her, the Court finds that Defendant has failed to
11  meet his burden of showing that extraordinary and compelling reasons warrant a sentence
12  reduction or that a reduction is consistent with applicable policy statements issued by the
13  Sentencing Commission.

14      Moreover, the Court considered and weighed the factors set forth in 18 U.S.C. §
15  3553(a) at the time of sentencing and does so again now. Defendant imported a substantial
16  amount of methamphetamine into the United States and has a lengthy and somewhat
17  aggravated criminal history placing him in the most serious criminal history category under
18  the Guidelines. For the reasons stated at sentencing, the Court continues to find that the
19  need to avoid unwarranted sentence disparities, to reflect the seriousness of the offense, to
20  promote respect for the law, and to provide just punishment for the offense, and to afford
21  adequate deterrence to criminal conduct all continue to support the below-Guidelines
22  sentence imposed.

23      Accordingly, the Court denies the Motions for Reduction in Sentence pursuant to 18
24  U.S.C. § 3582(c)(2).

25                      **MOTION TO BE TRANSFERRED TO HALFWAY HOUSE**

26      Defendant also filed a Motion to be Transferred to Halfway House. (ECF No. 52.)

27      "The Bureau of Prisons has the statutory authority to choose the locations where
28  prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir.

21cr1794-WQH

1  2011) (citing, *inter alia*, 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the

2  place of the prisoner's imprisonment."). The BOP may place a prisoner serving the final

3  months of his sentence in "home confinement for the shorter of 10 percent of the term of

4  imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). The relevant statutes

5  vest discretionary authority to choose the place of confinement with the BOP. To the extent

6  Defendant requests that the Court recommend that the BOP place Defendant in home

7  confinement, the Court declines to do so because Defendant's projected release date of

8  December 30, 2026, is more than 6 months away and therefore outside the range of §

9  3624(c)(2).

10        Defendant also references his eligibility "for First Step Act credits." (ECF No. 52 at

11  1.) "[T]he Attorney General, through the Bureau of Prisons, has the responsibility for

12  computing a sentencing credit under [18 U.S.C.] section 3585(b)." *United States v. Wilson*,

13  503 U.S. 329, 334-35 (1992). Prisoners are entitled to administrative review of the

14  computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting

15  these administrative remedies, an inmate may seek judicial review by filing a habeas corpus

16  petition under 28 U.S.C. § 2241. *See Wilson*, 503 U.S. at 335; *United States v. Checchini*,

17  967 F.2d 348, 350 (9th Cir. 1992). Defendant has failed to demonstrate that he exhausted

18  his administrative remedies regarding any potential claim that BOP has not properly

19  awarded him First Step Act credits. Once Defendant exhausts his administrative remedies,

20  or if he can show exhaustion is not required, he may seek judicial review by filing a petition

21  under 28 U.S.C. § 2241.

22        The Court denies the Motion to be Transferred to Halfway House. (ECF No. 52.)

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

21cr1794-WQH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

IT IS HEREBY ORDERED that, for the reasons stated above, the Motions for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF Nos. 42, 51, 55), and Motion to be Transferred to Halfway House (ECF No. 52) are denied. CJA Panel attorney Stephen Patrick White is relieved of further representation of Defendant in this matter.

Dated:  July 31, 2025

Hon. William Q. Hayes
United States District Court

21cr1794-WQH